UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SIKA INVESTMENTS, LLC | CIVIL ACTION |
| v. | NO. 20-2074 |
| RLI CORP. d/b/a MT. HAWLEY INSURANCE COMPANY, ET AL. | SECTION "F" |

ORDER

This lawsuit involves a commercial property owner's claim that either its insurer owes coverage for business interruption and extra expenses triggered by government stay-at-home orders due to the COVID-19 pandemic or, alternatively, that its insurance agents and brokers wrongfully failed to secure the requisite coverage. The threshold matter of this Court's subject matter jurisdiction is at issue.

To assist the Court in resolving the removal-jurisdiction quagmire exposed by the briefing on various motions bearing on the Court's subject matter jurisdiction, the Court ordered supplemental papers. See Order dtd. 11/9/20. In response, the removing party, Marsh & McLennan Agency LLC, concedes that the issues raised by the Court support a finding that the Court lacks

1

removal jurisdiction; Marsh thus filed a Notice of Consent to Remand.

For the reasons provided in the plaintiff's motion to remand and related briefing, the Court's Order dated November 9, 2020, and Marsh's Notice of Consent, the Court finds that it lacks subject matter jurisdiction and, accordingly, IT IS ORDERED: that Sika Investments, LLC's motion to remand is hereby GRANTED.[1] This case shall be remanded to the 24th Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana, November 17, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[1] The plaintiff's request for attorney's fees and costs incurred as a result of removal is DENIED. Marsh predicated removal on diversity jurisdiction, which necessitated an improper joinder inquiry, which in turn revealed to the Court (but not the parties) that the common defense rule appeared to be triggered. That the Court issued an eight-page briefing order directed to determining the issue of jurisdiction after the parties had extensively briefed the issue demonstrates the thorny procedural issues exposed by this particular removal. Under the circumstances, the plaintiff fails to persuade the Court that it should be awarded attorney's fees or costs due to improvident removal under 28 U.S.C. § 1447(c). See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). The Court cannot find that Marsh lacked an objectively reasonable basis for removal, particularly where, as here, counsel offered reasonable arguments indicating that the plaintiff may have no plausible claim against any of the defendants sued in state court.